# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CALDERON,<br><br>    Petitioner,<br><br>    v.<br><br>FREDERIC FOULKS,<br><br>    Respondent. | Case No. 1:16-cv-00276-SAB-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner, represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner challenges his convictions sustained in the Tulare County Superior Court for sex offenses committed against minors. Petitioner was sentenced to a determinate imprisonment term of forty-six years. (ECF No. 1 at 2).[1] The California Court of Appeal, Fifth Appellate District, affirmed the convictions on December 19, 2014. The California Supreme Court denied the petition for review on March 2, 2015. (Id. at 3).

On February 27, 2016, Petitioner filed the instant petition for writ of habeas corpus. Petitioner raises the following claims in his federal habeas petition: (1) prosecutorial misconduct,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

(2) ineffective assistance of trial counsel, (3) trial counsel's conflict of interest, and (4) judicial misconduct. (ECF No. 1 at 5–6, 18–19).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.[2]

---

[2] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

1    Petitioner acknowledges that he raises some claims that are unexhausted, and therefore
2 requests the Court to hold the instant petition in abeyance pending resolution of the unexhausted
3 claims in state court. (ECF No. 1 at 4). There are two procedures for staying federal habeas
4 petitions so that petitioners may exhaust claims in state court. See Rhines v. Weber, 544 U.S.
5 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002). Under Rhines v.
6 Weber, "stay and abeyance" is available only in limited circumstances, and only when: (1) there
7 is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless";
8 and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–
9 78. Under Kelly v. Small, a three-step procedure is used: (1) the petitioner amends his petition to
10 delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted
11 petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state
12 court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court,
13 the petitioner may return to federal court and amend his federal petition to include the newly-
14 exhausted claims. 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor),
15 134 F.3d 981, 986 (9th Cir. 1998)).

16    In the instant petition, Petitioner acknowledges that he raises some claims that are
17 unexhausted. Petitioner also requests the Court to hold the instant petition in abeyance pending
18 resolution of the unexhausted claims in state court. Although it appears that Petitioner seeks a
19 stay pursuant to Rhines, Petitioner has failed to cite to any authority or to set forth any arguments
20 and allegations in support of the stay.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## III.
## ORDER

Accordingly, Petitioner is HEREBY ORDERED to SHOW CAUSE within **FOURTEEN (14) DAYS** of the date of service of this order why the petition should not be dismissed for failure to exhaust state court remedies.

IT IS SO ORDERED.

Dated: **March 21, 2016**

UNITED STATES MAGISTRATE JUDGE