**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CALDERON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FREDERIC FOULKS,<br><br>　　　　Respondent. | Case No. 1:16-cv-00276-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY <u>RHINES</u> STAY AND GRANT REQUEST TO PROCEED WITH <u>KELLY</u> PROCEDURE<br><br>(ECF No. 9) |

Petitioner is a state prisoner, represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner challenges his convictions sustained in the Tulare County Superior Court for sex offenses committed against minors. Petitioner was sentenced to a determinate imprisonment term of forty-six years. (ECF No. 1 at 2).[1] According to the petition, the California Court of Appeal, Fifth Appellate District, affirmed the convictions on December 19, 2014, and the California Supreme Court denied the petition for review on March 2, 2015. (<u>Id.</u> at 3).

On February 27, 2016, Petitioner filed the instant petition for writ of habeas corpus. Petitioner raises the following claims in his federal habeas petition: (1) prosecutorial misconduct, (2) ineffective assistance of trial counsel, (3) trial counsel's conflict of interest, and (4) judicial

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

misconduct. (ECF No. 1 at 5–6, 18–19). On March 22, 2016, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 4). On April 17, 2016, Petitioner filed his response. (ECF No. 9).

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Petitioner acknowledges that he raises some claims that are unexhausted, and therefore requests the Court to hold the petition in abeyance pending resolution of the unexhausted claims in state court pursuant to Rhines v. Weber, 544 U.S. 269 (2005). In the alternative, Petitioner requests leave to amend the petition to delete the unexhausted pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (ECF No. 9). Given "that a motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims," the undersigned shall submit findings and recommendation rather than rule on the motion. Mitchell v. Valenzuela, 791 F.3d 1166, 1171, 1173–74 (9th Cir. 2015).

Under Rhines v. Weber, "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. The Ninth Circuit has recognized the dearth of authority on what constitutes good cause to excuse a petitioner's failure to exhaust. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). In Blake, the Ninth Circuit held that ineffective assistance of post-conviction counsel can constitute good cause for a Rhines stay. Id. at 983. "While a bald

assertion cannot amount to a showing of good cause, a reasonable excuse, *supported by evidence to justify a petitioner's failure to exhaust*, will." Id. at 982 (emphasis added). The petitioner in Blake satisfied this standard where he asserted ineffective assistance of counsel, "supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the readily available evidence of Blake's abusive upbringing and compromised mental condition." Id. at 983. Such supporting evidence included a neuropsychological evaluation report, thirteen declarations from family and friends, and a declaration by the private investigator hired by counsel stating that within a week of receiving thousands of pages of discovery he was let go before finishing review of the discovery materials or speaking any witnesses. Id.

Here, Petitioner argues that the ineffective assistance of his appellate counsel constitutes "good cause" for failure to exhaust. (ECF No. 9 at 4). However, Petitioner fails to support this bald assertion with "evidence to justify [his] failure to exhaust." Blake, 745 F.3d at 982. For example, Petitioner fails to provide documentation or a declaration that he discussed the judicial misconduct, trial counsel's conflict of interest, or trial counsel's ineffective assistance with his appellate counsel and was disregarded. Accordingly, the Court finds that Petitioner has failed to demonstrate good cause for his failure to exhaust under Rhines.

Petitioner moves, in the alternative, for a Kelly stay. Under Kelly v. Small, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of

filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009). As Kelly "does not require that a petitioner show good cause for his failure to exhaust state court remedies," id. at 1135, it appears that Petitioner may proceed with the Kelly procedure.

### III.

### RECOMMENDATION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that Petitioner's request for a Rhines stay be DENIED and the request to proceed with the Kelly procedure be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2016**

UNITED STATES MAGISTRATE JUDGE