# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CALDERON, | Case No. 1:16-cv-00276-LJO-SAB-HC |
| Petitioner, | ORDER DISCHARGING MARCH 29, 2018 ORDER TO SHOW CAUSE (ECF No. 33) |
| v. | ORDER IMPOSING MONETARY SANCTIONS ON GREGORY MITTS FOR FAILURE TO COMPLY WITH COURT ORDERS |
| FREDERIC FOULKS, | |
| Respondent. | |

Petitioner is a state prisoner, represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On August 16, 2016, the Court stayed the instant federal habeas proceedings pending exhaustion of state remedies and ordered Petitioner to file an initial status report within thirty days of the date of service of the order and every ninety days thereafter. (ECF No. 18). As Petitioner did not file a status report within the required time period, the Court issued a third order to show cause[1] why the stay should not be vacated on August 31, 2017. (ECF No. 27). Petitioner did not respond to the order to show cause, and the undersigned issued findings and recommendation[2] to vacate the stay on September 13, 2017. (ECF No. 28).

---

[1] The Court previously issued orders to show cause for counsel's failure to timely file status reports on September 29, 2016, and April 26, 2017. (ECF Nos. 19, 23).
[2] The undersigned previously issued findings and recommendation to vacate the stay based on Petitioner's failure to

1

On September 19, 2017, Petitioner filed objections to the findings and recommendation. (ECF No. 29). Counsel explained that at the time he received notification of the order to show cause he was in the middle of a murder trial. Further, counsel was trailing trial in two cases, one of which was estimated to take forty-five days. (Id. at 1–2). Counsel also provided a status report on the state court proceedings. (ECF No. 30).

On September 22, 2017, the Court discharged the order to show cause, vacated the findings and recommendation, and directed Petitioner to file a status report within ninety days and every ninety days thereafter. (ECF No. 31). The undersigned also advised counsel "that future failures to respond to orders of this Court will result in the issuance of monetary sanctions. This shall constitute prior notice for the imposition of future monetary sanctions for failure to comply with orders of this Court." (Id. at 2).

In compliance with the Court's order, Petitioner filed a status report within ninety days on December 15, 2017. (ECF No. 32). However, Petitioner failed to file a status report within ninety days thereafter, and the undersigned issued a fourth order to show cause why the stay should not be vacated. (ECF No. 33). On April 9, 2018, four days after a response was due, counsel for Petitioner requested an extension of time to file a response to the order to show cause. (ECF No. 34). The Court granted the extension and ordered counsel for Petitioner to file a response to the order to show cause no later than April 17, 2018. (ECF No. 35).

Petitioner's counsel did not respond to the order to show cause, and counsel was ordered to personally appear before the undersigned to show cause why sanctions should not be imposed for the failure to comply with court orders. (ECF No. 36). On May 9, 2018, the undersigned held a hearing regarding counsel's failure to respond to the order to show cause and the status of Petitioner's state court petitions. (ECF No. 37).

## II.

## DISCUSSION

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To

---

respond to the April 26, 2017 order to show cause. (ECF No. 24).

1 effectuate this purpose the rules provide for sanctions against parties that fail to comply with
2 court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed.
3 R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue
4 any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

Here, the Court has issued multiple orders to show cause in an attempt to have Mr. Mitts comply with orders of the Court. Mr. Mitts's response at the May 9, 2018 hearing confirms that the "cause" of counsel's failure to comply is typical of litigation practice and does not excuse counsel's conduct. The Court finds that Mr. Mitts's willful failure to comply with court orders in this action warrants the imposition of monetary sanctions to deter such conduct in the future. Accordingly, the Court finds that a sanction of $200.00 is necessary to address the extent of the failure to comply and to deter similar conduct by Mr. Mitts in the future.

**III.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued on March 29, 2018 (ECF No. 33) is DISCHARGED;
2. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 110, and the Court's inherent authority, monetary sanctions of $200.00 are imposed against Gregory Mitts for his failure to comply with orders of this Court;
3. Gregory Mitts shall pay the amount of $200.00 to the Clerk of the United States District

1. Court, Eastern District of California, no later than May 16, 2018;
2. 4. Gregory Mitts shall file a proof of payment within five (5) days of payment of the sanction; and
3. 5. Failure to comply with this order may result in the issuance of further sanctions.

IT IS SO ORDERED.

Dated: __**May 9, 2018**__

UNITED STATES MAGISTRATE JUDGE