# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CALDERON,<br><br>    Petitioner,<br><br>    v.<br><br>ROSEMARY NDOH,[1]<br><br>    Respondent. | Case No. 1:16-cv-00276-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION<br><br>(ECF Nos. 17, 45) |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On September 21, 2012, Petitioner was convicted by a jury in the Tulare County Superior Court of eight sex offenses against children under the age of fourteen. Petitioner was sentenced to a determinate imprisonment term of forty-six years. (LD[2] 1). On December 19, 2014, the California Court of Appeal, Fifth Appellate District ordered the abstract of judgment modified to "reflect that the imposition of the sentence on count 9 is stayed pursuant to section 654" and

---

[1] Rosemary Ndoh is the Warden of Avenal State Prison, where Petitioner is currently incarcerated. (ECF No. 45 at 1 n.1). Accordingly, Rosemary Ndoh is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to the documents lodged electronically by Respondent on September 11, 2018. (ECF No. 50).

1

affirmed the judgment as modified. (LD 2 at 24). On February 25, 2015, the California Supreme Court denied the petition for review. (LDs 3, 4).

On February 27, 2016,[3] Petitioner commenced the instant federal habeas proceeding. (ECF No. 1). In the original federal habeas petition, Petitioner raised the following claims for relief: (1) prosecutorial misconduct; (2) ineffective assistance of trial counsel; (3) trial counsel's conflict of interest; and (4) erroneous admission of predisposition evidence. (ECF No. 1 at 4–6, 11).[4] On July 19, 2016, the Court denied Petitioner's motion for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), but granted Petitioner's alternative request to proceed with the three-step procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (ECF No. 16).

Therefore, on August 15, 2016, Petitioner filed a fully exhausted first amended petition, removing the unexhausted claims. (ECF No. 17). Therein, Petitioner set forth the following claims for relief: (1) prosecutorial misconduct based on the prosecutor (a) asking Petitioner on cross-examination whether witnesses who had contradicted Petitioner were lying, (b) telling the jurors that the prosecution had additional evidence but chose not to present it, (c) repeatedly characterizing Petitioner as a predator, and (d) impermissibly shifting the burden of proof by asserting that the defense was required to prove the prosecution witnesses' motives to lie; and (2) the trial court's erroneous admission of prior uncharged acts to demonstrate predisposition. (ECF No. 17 at 14–16). On August 16, 2016, the Court stayed the proceedings while Petitioner returned to state court to exhaust his unexhausted claims. (ECF No. 18).

On October 26, 2016, Petitioner filed a state petition for writ of habeas corpus in the Tulare County Superior Court, which denied the petition on November 7, 2016. (LDs 5, 6). On January 9, 2017, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on March 9, 2017. (LDs 7, 8).

On May 10, 2018, the Court lifted the stay per Petitioner's request, and Petitioner proceeded on the first amended petition. (ECF No. 38). On August 13, 2018, Respondent filed

---

[3] As Petitioner's federal and state habeas petitions were filed by counsel, they do not receive the benefit of the prison mailbox rule. See Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (recognizing that courts have refused to apply the prison mailbox rule to cases in which a prisoner is assisted by counsel).

[4] Page numbers refer to the ECF page numbers stamped at the top of the page.

the instant motion to dismiss the first amended petition as untimely. (ECF No. 45). To date, Petitioner has not filed an opposition, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. AEDPA imposes various requirements on petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The first amended petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, the judgment

1 became final on May 26, 2015, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, May 27, 2015, and absent tolling, was set to expire on May 26, 2016. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). As set forth above, Petitioner commenced the instant federal habeas proceeding before filing his state habeas petitions. However, the limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001). Petitioner's first state post-conviction collateral challenge was filed in the Tulare County Superior Court on October 26, 2016, after the one-year limitation period expired, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Accordingly, there is no statutory tolling of the limitation period, and the first amended petition is untimely unless: (1) Petitioner establishes that equitable tolling is warranted; or (2) the claims in the amended petition relate back to the claims contained in the original federal habeas petition filed on February 27, 2016.

### C. Equitable Tolling

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. However, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way. Therefore, the first amended petition is

4

untimely unless the claims in the first amended petition relate back to the claims contained in the original federal habeas petition filed on February 27, 2016.

**D. Relation Back**

In the motion to dismiss, Respondent argues that because "the original federal petition did not set forth allegations of actual fact that are sufficient to inform a federal jurist just what historically did or did not happen (allegedly), and in detail sufficient to at least suggest affirmatively that those historical facts amount to something violating the Constitution," the prosecutorial misconduct and improper admission of evidence claims raised in the first amended petition are incapable of relating back to the original petition. (ECF No. 45 at 6).

1. <u>Federal Rule of Civil Procedure 15(c)</u>

Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).[5] Interpreting Rule 15(c) in the context of AEDPA and the Rules Governing Section 2254 Cases, the Supreme Court has held that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." <u>Mayle v. Felix</u>, 545 U.S. 644, 650 (2005). Rather, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." <u>Id.</u> at 659 (internal quotation marks and citations omitted).

2. <u>Facts Set Forth in Original Petition</u>

In the main portion of the original federal habeas petition,[6] Petitioner raised the following

---

[5] "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005).

[6] The first seven pages of the federal habeas petition contained: a cover page; an introduction; sections labeled procedural history, state court issues raised by direct appeal, timeliness of petition, request for order holding petition in abeyance pending exhaustion of unexhausted court claims, grounds for relief, claims for relief, and incorporation of the state record; and a conclusion. (ECF No. 1 at 1–7). The eighth page was a blank table of citations. (<u>Id.</u> at 8). The ninth page was entitled "EXHIBITS." (<u>Id.</u> at 9). The tenth and eleventh pages consisted of additional allegations, and the twelfth page was blank save for a notion of "Dated: February ___, 2016." (ECF No. 1 at 10–12). Pages thirteen through twenty-three consisted of the state petition for writ of habeas corpus that Petitioner indicated was "ready to be filed forthwith in the Tulare County Superior Court." (<u>Id.</u> at 4, 13–23).

5

claims for relief: (1) prosecutorial misconduct; (2) ineffective assistance of trial counsel; and (3) trial counsel's conflict of interest. (ECF No. 1 at 5–6). With respect to prosecutorial misconduct, the claim for relief heading stated: "THE STATE COURT UNREASONABLY REJECTED PETITIONER'S CLAIM OF PROSECUTORIAL MISCONDUCT IN VIOLATION OF PETITIONER'S RIGHTS TO CONFRONT AND CROSS-EXAMINE WITNESS AS WELL AS HIS RIGHT TO DUE PROCESS AND SUCH VIOLATIONS REQUIRE THAT PETITIONER'S CONVICTIONS HEREIN BE VACATED." (Id. at 5). The petition then set forth the "appropriate standard for a federal court reviewing a claim of prosecutorial misconduct on habeas corpus," but did not include any factual allegations to support the claim. (Id. at 5). Additional allegations attached to the petition stated that "the prosecutor engaged in prosecutorial misconduct, during cross-examination" and "during closing argument, in violation of Petitioner's 14th AMENDMENT DUE PROCESS RIGHTS." (ECF No. 1 at 11). Neither the main portion of the original petition nor the attachments provided any further factual allegations in support of the prosecutorial misconduct claim.

With respect to ineffective assistance of counsel, the petition stated:

> Trial counsel failed to adequately cross-examine prosecution witnesses and failed to object to prosecutorial misconduct, all to the prejudice of Petitioner. The omissions were prejudicial within the meaning of **STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984)** in that they prevented Petitioner from rebutting unreliable and highly prejudicial evidence and argument presented by the prosecution at the trial of this matter.

(ECF No. 1 at 5). Neither the main portion of the original petition nor the attachments provided any further factual allegations in support of the ineffective assistance of counsel claim.

With respect to trial counsel's conflict of interest, the claim for relief heading stated: "TRIAL COUNSEL HAD A CONFLICT OF INTEREST WITH PETITIONER AND SAID CONFLICT WAS IN VIOLATION OF PETITIONER'S RIGHT TO CONFRONTATION, CROSS-EXAMINATION AND DUE PROCES[S], REQUIRING THAT PETITIONER'S CONVICTIONS BE VACATED." (ECF No. 1 at 6). The petition then set forth the applicable legal standard, citing to Mickens v. Taylor, 535 U.S. 162, 172–73 (2002), and asserted that "at the evidentiary hearing requested by Petitioner herein, Petitioner will establish said conflict and

its adverse effect on Petitioner's case at trial." (ECF No. 1 at 6). Neither the main portion of the original petition nor the attachments provided any further factual allegations in support of the conflict of interest claim.

Although not included in the main portion of the original petition, Petitioner's additional allegations attached to the petition stated that "[t]he court abused its discretion by permitting the introduction of predisposition evidence regarding Petitioner in violation of Petitioner's 14th Amendment DUE PROCESS RIGHTS." (ECF No. 1 at 11). Neither the main portion of the original petition nor the attachments provided any further factual allegations in support of the erroneous admission of predisposition evidence claim.

The original petition and attachments contain no supporting factual allegations, only legal standards and conclusory statements. However, the original petition included a section entitled "Incorporation of State Record," which stated: "Petitioner hereby incorporates by reference the entire state court record relating to the allegations contained in this instant petitioner [*sic*], including, but not limited to all related proceedings in the Tulare County Superior Court, the California State Court of Appeal, Fifth Appellate District and the California State Supreme Court." (ECF No. 1 at 6). Accordingly, the Court will determine whether the state court record is deemed to be incorporated into the original petition and whether the claims in the first amended petition arose out of facts in the state court record.

3. Incorporation of State Court Record

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition must: (1) specify all the grounds for relief available to the petition; [and] (2) state the facts supporting each ground[.]" "Although Habeas Rule 2(c) has been applied strictly to require habeas petitioners to set forth the factual grounds in the form itself, the Supreme Court has recognized an exception when the habeas petition *expressly incorporates attached material by reference*." Ross v. Williams, 896 F.3d 958, 966 (9th Cir. 2018) (emphasis added) (citing Dye v. Hofbauer, 546 U.S. 1 (2005)).

In Dye, the Supreme Court reversed the Sixth Circuit's denial of habeas relief that was based in part on the petition having "presented the prosecutorial misconduct claim in too vague

1 and general a form." 546 U.S. at 4. Citing to Federal Rule of Civil Procedure 10(c),[7] the Supreme Court found that the prosecutorial misconduct claim was properly presented because "[t]he habeas corpus petition made clear and repeated references to an appended supporting brief, which presented Dye's federal claim with more than sufficient particularity." Dye, 546 U.S. at 4. Here, however, no portion of the state court record was appended to the original habeas petition. Further, unlike the petitioner in Dye, Petitioner did not make "clear and repeated references" to the state court record as supporting Petitioner's claims.

    4. Conclusion

As set forth above, the original petition and attachments contain no supporting factual allegations. The original petition also did not make "clear and repeated references" to the state court record, and thus, the state court record was not incorporated into the original petition. Accordingly, the first amended petition cannot relate back to the claims in the original petition because there is no "common core of operative facts uniting the original and newly asserted claims." Mayle, 545 U.S. at 659 (internal quotation marks and citations omitted). Therefore, the first amended petition was not timely filed, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 45) be GRANTED; and
2. The first amended petition for writ of habeas corpus (ECF No. 17) be DISMISSED as untimely.

Further, the Clerk of Court is DIRECTED to amend the caption in this matter to reflect the name of Rosemary Ndoh as Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

---

[7] Rule 10(c) provides: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

8

1 **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 3, 2018**

UNITED STATES MAGISTRATE JUDGE